COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Thomas A Ruth II vs. Target Corporation

CL-2011-0015831

TO: Target Corporation
D/b/a Target Stores Inc
R/A CT Corporation System
4701 Cox Rd Ste 301
Glen Allen VA 23060

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on Thursday, November 10, 2011.

JOHN T. FREY, CLERK

By: _[signature]_
Deputy Clerk

Plaintiff's Attorney  Laurence J. Tracy

**EXHIBIT A**

VIRGINIA:
    IN THE CIRCUIT COURT OF FAIRFAX COUNTY

FILED
CIVIL INTAKE
2011 NOV -7 PM 3: 02
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

2011-15881

THOMAS A. RUTH, II )
11797 Grey Birch Place )
Reston, VA 20191-4221 )
                             )
        Plaintiff, )
v. )  CASE NO. _____
                             )
TARGET CORPORATION )
d/b/a Target Stores, Inc. )
12197 Sunset Hills Road )
Reston, VA 20190 )
                             )
        Defendant. )

SERVE:  Registered Agent
             CT Corporation System
             4701 Cox Road
             Suite 301
             Glen Allen, VA 23060

## COMPLAINT

COMES NOW the Plaintiff, THOMAS A. RUTH, II, (hereinafter referred to as "Plaintiff" throughout) by and through counsel, LAURENCE J. TRACY, and moves this Court for a judgment against the Defendant, TARGET CORPORATION, d/b/a Target Stores, Inc., (hereinafter referred to as "Defendant" throughout) and in support thereof states as follows:

1. The Plaintiff is an adult resident of the Commonwealth of Virginia.

2. The Defendant is a corporation organized and existing under the laws of the State of Minnesota and duly authorized to conduct business in the Commonwealth of

Virginia.

3. At all relevant times hereto, the Defendant has occupied, operated and controlled certain business premises, specifically a retail store located at 12197 Sunset Hills Road, Reston, Virginia 20190.

4. ~~At all relevant times hereto, the Defendant has regularly conducted affairs or~~ business activity and has been doing business at 12197 Sunset Hills Road, Reston, Virginia 20190.

5. On December 23, 2009, at approximately 6:50 p.m., the Plaintiff was a patron and customer of the Defendant at Defendant's store located at 12197 Sunset Hills Road, Reston, VA 20190, a place of business to which the general public, and specifically the Plaintiff is invited.

6. At about the same time and location, the Plaintiff was injured when he stepped onto the sidewalk from the parking area provided to the patrons by the Defendant, and proceeded to slip on ice left carelessly and negligently.

7. It was then and there a duty of the Defendant, its agents and employees, to use ordinary care to maintain the premises in a reasonably safe condition for the invitee's use consistent with said invitation; to use ordinary care to make reasonable inspections of the premises; to use ordinary care to warn invitees of any unsafe condition on the premises that was herewith or by the use of ordinary care should have been known to the Defendant, its's agents and employees; to remedy any unsafe conditions on the premises that was known or by the use of ordinary care should have been known by the Defendant, its agents and employees, to use ordinary care to provide, manage, train, and supervise employees so as to

discharge all of the prior stated duties, specifically with regard to the Plaintiff.

8. The Defendant is liable for the negligent acts of its agents and employees acting within the scope of their agency or employment.

9. The Defendant, their agents and employees there and then breached those duties of care by failing to use ordinary care to maintain the sidewalk of the premises in a reasonable safe condition for the Plaintiff's use by failing to use ordinary care to make a reasonable inspection of the sidewalk, by failing to use ordinary care to warn Plaintiff of the unsafe condition of the sidewalk, a condition known, or by the use of ordinary care should have been known, by the Defendant, it's agents and employees; by failing to remedy the unsafe conditions of the sidewalk, a condition known or by the use of ordinary care should have been known by the Defendant, it's agents and employees; and by failing to use ordinary care to provide, manage, train, and supervise their agents and employees, so as to discharge the foregoing duties.

10. As a direct and proximate result of Defendant's negligence, the Plaintiff suffered severe physical injuries requiring ongoing medical treatment; permanent injury; severe pain, suffering and mental anguish; incurred medical bills, lost wages, and other damages.

11. The negligence of the Defendant constituted a direct and proximate cause of the unsafe conditions of the sidewalk, damages, and injuries suffered by the Plaintiff.

WHEREFORE the Plaintiff demands judgment against the Defendant for compensation of damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) plus interest from December 23, 2009, and costs and such other further

relief this cause may require.

                                    THOMAS A. RUTH, II
                                    By Counsel

_/s/ Laurence J. Tracy_
LAURENCE J. TRACY
VSB No. 30052
705 Park Avenue
Falls Church, VA 22046
703-536-7971 (tel)
703-536-7975 (fax)
LTRACYESQ@aol.com
Counsel for Plaintiff